IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. SMITH,

                Petitioner,                        ORDER

    v.                                                        16-cv-009-wmc

WILLIAM POLLARD,

                Respondent.

---

      James A. Smith has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges both a revocation of his probation and a judgment of conviction for one count of disorderly conduct, one count of criminal trespass to a dwelling, and one count of damage to property, entered on June 18, 2014 by the Circuit Court for Milwaukee County in case no. 2013CF2453. His petition is ready for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. The petition must cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). If the petition is not dismissed, then the court orders respondent to answer or otherwise respond to the petition.

      After reviewing Smith's petition, the court will not order the state to respond at this time. It is extremely difficult to determine what challenges Smith is attempting to raise in his petition. The petition itself is 87 pages long, and Smith also filed more than 200 pages of attachments with it. The petition includes pages of legal arguments and allegations regarding treatment by County employee and jail staff that seem irrelevant to any challenge Smith is

1

attempting to make to his conviction in 2013CF2453. Additionally, Smith makes several arguments regarding the legality of several other state court convictions. As explained in more detail below, Smith must file an amended petition in which Smith clearly identifies:

(1) Which conviction or sentence he is challenging;

(2) The legal grounds for his challenges; and

(3) A *brief* explanation of the facts supporting his legal challenges.

To the extent Smith is challenging more than one state court judgment, he must file a separate petitions if the judgments were entered by different courts, or different judges or divisions in the same district. *See* Rule 2(e) of the Rules Governing Section 2254 Cases. After Smith files an amended petition, the court will review that petition pursuant to Rule 4.

BACKGROUND FACTS

From what the court can discern from the petition, the attachments and Wisconsin's online court records, Smith was placed on probation in December 2012 for two misdemeanor offenses of disorderly conduct and violating a domestic abuse injunction, in case nos. 12CM4195 and 12CM5521. Smith failed to report to his probation agent for probation orientation. His agent then issued a DOC warrant for his arrest, but he was not immediately arrested.

In May 2013, Smith was involved in an altercation with his estranged wife, with whom he was not supposed to have contact, and the Milwaukee Police Department issued a warrant for his arrest. He was arrested on May 30, 2013, by Milwaukee police based on the Milwaukee warrant and the DOC warrant. After Smith was arrested, the DOC sought to

have his probation revoked. An ALJ revoked Smith's probation on September 27, 2013, after concluding that: Smith had absconded from supervision by failing to make his whereabouts and activities known to his agent; Smith had contacted the victim of his prior offenses; Smith had failed to complete domestic violence counseling; Smith had failed to complete alcohol and drug treatment; Smith had failed to complete a mental health evaluation; Smith had failed to pay court ordered obligations and resisted arrest.

Smith was charged in case no. 2013CF2453 with criminal trespass to dwelling, criminal damage to property, and disorderly conduct (domestic abuse), as a result of the May incident with his estranged wife. Smith pled guilty and was sentenced to nine months on Count 1, six months on Count 2, and 2 months on Count 3. The sentence amounted to one of time-served by the time of sentencing. However, Smith also had been charged with felony intimidation of a witness in Case No. 13CF4501, and with misdemeanor intimidation of a witness in Case No. 14CF1664, based on Smith contacting his estranged wife from jail and persuading her to recant her statements to the police regarding the May 2013 incident. Smith pled guilty in both of those cases as well, receiving a sentence of two years imprisonment with five years extended supervision in 13CF4501, and seven months imprisonment in 14CF1664.

OPINION

To succeed in obtaining a federal writ of habeas corpus, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c), 2254(a). Here, it is impossible to discern why Smith believes he is in

custody unlawfully. Smith's specific legal challenges are lost in his unnecessarily long, rambling petition. Rather than focus on the specific challenges to his conviction, Smith spends much of his petition analyzing various court decisions, making legal arguments and accusing state and county employees of misconduct against him while he was in custody.

It is not even clear which state court judgment is the focus of the petition. Although Smith identifies case no. 13CF2453 on the first page of his petition, he also submits time argument regarding his convictions, sentences, and revocation, in Case Nos. 12CM4195 and 12CM5521. Additionally, Smith mentions his convictions in 13CF4501 and 14CF1664, although it is not clear whether he seeks to challenge those as well.

With respect to the challenges Smith appears to raise, some of them are undeveloped and seem contradictory. For example, with respect to Case No. 13CF2453 in particular, Smith appears to be arguing that his following rights were violated: (1) Right to represent himself; (2) Right to plead guilty; (3) Right to a speedy trial; (4) Right to a jury trial; and (5) Right to effective assistance of counsel. But Smith does not clearly explain why he should have received a speedy jury trial when he wanted to plead guilty; similarly, he does not explain why he believes he should have received counsel, when he demanded to represent himself. Maybe Smith can explain these issues in a way the court can understand, but he has not yet done so.

Smith's challenges to his other state court judgments also are confusing. With respect to his revocation in case nos. 12CM4195 and 12CM5521, Smith argues that revocation was improper because he was denied the right to counsel, the right to confront witnesses, and the

4

right to know all of the conditions of his probation. At the same time, Smith says that he was denied the right to refuse probation and serve his sentence instead.

In sum, Smith's petition is too long, too complicated and too confusing to justify the court ordering a response from the state. Smith must file an amended petition using the form attached to this order. The amended petition must do the following:

- Clearly identify the state court judgment or judgments he is challenging. If he is challenging more than one state court judgment, he must file separate petitions for any state court judgments that were issued by different judges or districts.

- Clearly identify the legal basis for his challenges.

- Clearly identify the facts that support his legal challenges.

Smith must not include any arguments regarding case law, and he must not include any inflammatory language regarding state or county employees. Smith must not include any allegations and arguments regarding events that occurred in the jail or prison *after* his convictions and sentences were finalized. Smith must not include allegations regarding alleged excessive force, sexual assault, harassment and violations of his rights under the Americans with Disabilities Act that he believes are attributable to state or county employees. Smith's petition should be brief and should not contain any information that is not directly relevant to the specific state court judgment(s) he seeks to challenge.

Finally, in drafting his amended petition, Smith should be aware that the court cannot grant any habeas relief on a state court judgment for which Smith's sentence has been completely discharged, unless Smith can show that he still suffers "collateral consequences" as a result of the challenged conviction or sentence. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Thus, Smith should not attempt to file a habeas petition challenging one of his more dated convictions or sentences if his sentence on those convictions have been completely discharged. Additionally, Smith should be aware that all habeas petitions are subject to a one-year limitation period found in 28 U.S.C. § 2244(d)(1). Where a prisoner challenges the validity of a state court judgment, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Smith should keep this statute of limitations in mind when considering which state court judgments to include in his amended petition.

After the court receives Smith's amended petition, it will review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. If Smith fails to file an amended petition by the deadline set forth below, this case will be forwarded to the presiding judge to review this case for dismissal under Rule 4 of the Rules Governing Section 2254 Cases.

One final matter requires attention. Smith filed a motion for assistance in recruiting counsel to represent him. (Dkt. 4.) In the context of a petition under § 2254, a federal court may appoint counsel for a financially eligible petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(g); *Johnson v. Chandler*, 487 F.3d 1037, 1038 (7th Cir. 2007). Before considering a motion for assistance in recruiting counsel, however, this court requires the pro se litigant to show that he has made reasonable efforts to find a lawyer on his own and that he was unsuccessful, or that he was prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, Smith must submit letters from at least three lawyers who he asked

to represent him in this case and who turned him down, or, if such letters do not exist, an affidavit with the names, addresses and dates when he requested assistance from at least three lawyers.  Smith has not yet satisfied this pre-requisite.  Additionally, his request for counsel is premature: the court will not consider appointing counsel until Smith files an amended petition with arguments requiring an answer from the state.  Until then, it is too early for the court to evaluate whether litigating this case is beyond Smith's capabilities. *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc) (the central question in deciding whether to request counsel for an indigent civil litigant is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself").  Accordingly, Smith's request will be denied at this time, but it will be denied without prejudice to his ability to renew this motion after this case has progressed further.

ORDER

IT IS ORDERED THAT:

(1)     Petitioner James A. Smith's motion for appointment of counsel (dkt. 4), is DENIED without prejudice.

(3)     James A. Smith has until May 31, 2016 to file an amended petition that complies with the instructions in this order.  The petition must be filed on the form attached to this order.

(2)     If Smith does not submit an amended petition as directed in this order by May 31, 2016, then the presiding judge will review this case for dismissal under Rule 4 of the Rules Governing Section 2254 Cases.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge