IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. SMITH,

            Petitioner,

v.                                                           ORDER

                                                                  16-cv-009-slc

WILLIAM POLLARD,

            Respondent.

---

      James A. Smith has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. On April 28, 2016, I entered an order directing Smith to file an amended petition that clarified his claims. Because his present petition is long and disjointed, it is extremely difficult to determine what convictions or sentences Smith is attempting to challenge and on what grounds. Additionally, Smith appeared to be making several challenges to conditions of his confinement that cannot be raised in a petition under § 2254. Accordingly, I directed Smith to file an amended petition by May 31, 2016, and provided Smith with specific instructions to follow when filing the petition. In the same order, I denied Smith's motion for appointment of counsel without prejudice, explaining that he had not met the court's prerequisites for requesting assistance in recruiting counsel and that, in any event, his request was premature because Smith had not yet filed a petition requiring an answer from the state.

      Smith responded to the order by filing a "Notice of Appeal to District Judge William M. Conley," in which he requests review of my April 28 order. (Dkt. 13.) He also requests decisions by a district judge on his motions to consolidate this habeas case with his § 1983 case, *Smith v. Pollard*, 16-cv-10-slc, as well as a motion that his habeas petition be heard before a three-judge panel.

Around the same time, Smith filed notices stating that he was willing to consent to magistrate judge jurisdiction over both his habeas and § 1983 cases. His § 1983 case has since been reassigned to me. However, in light of his "Notice of Appeal to District Judge William M. Conley" in this case, it is not clear whether Smith still wishes to consent to magistrate judge jurisdiction in his habeas case. If he consents to magistrate judge jurisdiction, then he will be consenting to me entering all dispositive and nondispositive orders in his habeas case. This means that if Smith consents to magistrate judge jurisdiction, then he cannot seek review by a district judge of the orders I enter in this case. Instead, Smith would need to present any request for review directly to the Court of Appeals for the Seventh Circuit.

Because it is now unclear how Smith would like to proceed, I will give Smith an opportunity to clarify what he wants to do before the court takes any further action in this habeas case. Smith should respond to this order by stating whether: (1) he wishes to consent to magistrate judge jurisdiction in this case and thereby withdraw his "Notice of Appeal to District Judge William M. Conley"; or (2) he wishes to withdraw his notice of consent to magistrate judge jurisdiction and pursue the notice of appeal. If he chooses option (1), then I will construe his "Notice of Appeal" as a motion for reconsideration of my April 28, 2016 order and will respond to it accordingly, as well as to his requests for rulings on his remaining pending motions. If he chooses option (2), then I will forward his "Notice of Appeal" to Judge Conley for review.

ORDER

IT IS ORDERED that petitioner James Smith has until May 20, 2016 to clarify whether he (1) he wishes to consent to magistrate judge jurisdiction in this case and thereby, withdraw his "Notice of Appeal to District Judge William M. Conley; or (2) he wishes to withdraw his notice of consent to magistrate judge jurisdiction and pursue the notice of appeal.

Entered this 11th day of May, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge