IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. SMITH,

            Petitioner,

v.

WILLIAM POLLARD,

            Respondent.

ORDER

16-cv-009-slc

---

James A. Smith has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, but his petition is too long and confusing for the court to review it. On April 28, 2016, I entered an order directing Smith to file an amended petition that clarified his claims. (Dkt. 12.) In the same order, I denied Smith's request for appointment of counsel without prejudice, explaining that he had not met the court's prerequisites for requesting assistance in recruiting counsel and that, in any event, his request was premature because he had not yet filed a petition requiring an answer from the state.

Smith responded by filing a "Notice of Appeal to District Judge William M. Conley," in which he requested review of the April 28 order, as well as decisions from a district judge on other motions he has filed in the case. (Dkt. 13.) Around the same time, Smith filed notices stating that he was willing to consent to magistrate judge jurisdiction over both his habeas and § 1983 cases. His § 1983 case, *Smith v. Pollard*, 16-cv-10-slc, has since been reassigned to me. However, in light of his "Notice of Appeal to District Judge William Conley" in this case, it was not clear whether Smith still wished to consent to magistrate jurisdiction in his habeas case. In an order dated May 11, 2016, I asked Smith to clarify whether he wished to consent to my jurisdiction in this case – in which case I would construe his "Notice of Appeal" as a motion for reconsideration – or whether Smith wished to withdraw his consent and proceed before a district judge. (Dkt. 14.)

Smith has responded by filing a renewed motion for appointment of counsel in both his § 1983 and habeas cases. (Dkt. 15.) In his motion, he states that he wishes to consent to magistrate jurisdiction in this case. (*Id.* at 7.) Therefore, this case was reassigned to me on June 16, 2016. (Dkt. 18.) Smith also requests reconsideration on the decision requiring him to file an amended petition and denying counsel. I am denying those requests.

For the reasons already explained in the April 28 order, the court cannot review Smith's habeas claims until he files a new petition, on the appropriate form, that clearly identifies the convictions he is challenging and the legal and factual bases for his challenges. Likewise, I will not reconsider Smith's request for counsel until he at least attempts to file an amended petition following the guidelines I have provided. At this time, Smith should review the instructions in the April 28 order regarding the problems with his petition and how Smith should draft his amended petition. Then, Smith should file an amended petition as directed. I will give Smith one more opportunity to file an amended petition. If he fails to do so, his petition may be dismissed for failure to show that he is entitled to relief.

There are three other motions pending in this case: a motion to consolidate the § 1983 and habeas cases (dkt. 7); a motion for a three-judge panel (dkt. 8); and a motion for injunctive relief, in which Smith requests that state and prison officials be required to apply ADA accommodations to criminal proceedings and ensure that the Waupun Correctional Institution follows the requirements of the Prison Rape Elimination Act (dkt. 9). I am denying each if these motions.

For reasons already explained to Smith in his § 1983 case, his habeas case cannot be joined with his § 1983 case because they are different types of cases with different standards and review and different available relief. *See Smith v. Pollard*, 16-cv-10-slc, (June 2, 2016) (Dkt. 18).

Smith is not entitled to a three-judge panel, because there is no mechanism for appointing a three-judge panel to hear habeas petitions brought under 28 U.S.C. § 2254. Rather, under 28 U.S.C. 2241(d), petitions brought by state prisoners must be brought and resolved by a district court located either in the district in which the petitioner is in custody, or the district in which the petitioner was convicted and sentenced.

Finally, Smith's requests for injunctive relief are not appropriate in the context of his habeas case. A habeas case brought under § 2254 challenges the legality of his conviction and confinement, with the focus being on what has *already occurred* in the context of the criminal cases he is challenging. A habeas proceeding is not the appropriate forum for challenging ongoing policies of a state court, prosecutor or prison. Accordingly, Smith's requests for injunctive relief will be denied.

ORDER

IT IS ORDERED that:

1. Petitioner James Smith has until July 1, 2016 to file an amended petition that complies with the instructions in the April 28, 2016 order. The petition must be filed on the appropriate habeas form previously provided. If Smith does not submit an amended petition as directed, then his petition may be dismissed under Rule 4 of the Rules Governing Section 2254 Cases.

2. Petitioner's motion to consolidate cases (dkt. 7), motion for a three-judge panel (dkt. 8), motion for injunctive relief (dkt. 9), motion for reconsideration (dkt. 13), and motion for assistance in recruiting counsel (dkt. 15) are DENIED.

Entered this 17th day of June, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge