IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES A. SMITH,

                        Petitioner,

                                                                    ORDER

        v.
                                                                    16-cv-009-slc

WILLIAM POLLARD,

                        Respondent.

In two previous orders, I directed James A. Smith to file an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 that clarified his claims. His original petition was long and disjointed, making it extremely difficult to determine what convictions or sentences Smith is attempting to challenge and on what grounds. Smith has now complied, filing an amended petition that has substantially simplified his claims. (Dkt. 26.) In fact, Smith now identifies a single claim in his petition, arguing that his conviction and sentence are illegal because the state criminal proceedings violated his rights under the Americans with Disabilities Act.

Although Smith's amended petition is certainly easier to understand than his original petition, his amended petition has two problems that must be remedied before this case can proceed further. First, it remains unclear which conviction Smith is attempting to challenge. On the first page of his petition, Smith says he is challenging a conviction from Milwaukee Circuit Court for "robbery criminal damage to property." He does not identify a case number, but the court assumes he is referring to Milwaukee County case no. 2013CF2453, in which he was convicted of criminal trespass to dwelling, criminal damage to property and disorderly conduct (domestic abuse). However, in the portion of his petition in which he describes his legal claim for relief, Smith states that the Milwaukee County court violated his rights under the ADA in cases *2013CF4501 and 2014CF1664*. In these cases, Smith was convicted of felony and

1

misdemeanor intimidation of a witness.  Thus it is unclear whether Smith is challenging his conviction in 2013CF2453, or whether he is challenging his convictions in 2013CF4501 and 2014CF1664.  Smith must clarify which conviction(s) he wishes to challenge before this case may proceed.

Second, Smith's general reference to the ADA does not provide a basis on which habeas relief may be granted.  The court is not aware of any provision in the ADA that would allow a petitioner to challenge his conviction or sentence.  Even if there was such a provision, Smith has not provided any details about how, *specifically*, his rights under the ADA were violated or why he believes those violations affected the validity of his conviction.  For example, there may situations in which a criminal defendant's disability requires accommodation in order to provide a fair trial that comports with due process.  There may also be situations in which a defense attorney should argue for a competency evaluation or an insanity defense based on a criminal defendant's disability.  However, Smith's amended petition does not identify any particular way in which he believes failure to accommodate or consider his disability affected the fairness or validity of his trial, conviction or sentence.  Before this case may proceed further, Smith must identify the precise nature of his claim.

In addition to his amended petition, Smith has filed a third motion for assistance in recruiting counsel.  (Dkt. 20.)  He says that he needs the assistance of counsel because he has a learning disability and mental impairment that make it difficult for him to understand the court's instructions.  I explained previously that I would not consider appointing counsel for Smith until he at least made an effort to file an amended petition that clarified his claims.  Although Smith has now filed an amended petition that continues to have some problems, I am not yet persuaded that recruiting counsel is appropriate in this case.  It would certainly be

helpful for Smith, and the court, if the court were to recruit counsel to help him file a second amended petition that addresses the deficiencies identified above.  However, the court generally recruits counsel in habeas cases in which it appears that the petitioner has presented a potentially meritorious claim for relief that will be difficult for the petitioner to litigate without assistance.  Here, it remains unclear whether Smith can present *any* claim that would entitled him to habeas relief.  Further, I am not persuaded that Smith lacks the ability to submit an amended petition that adequately clarifies his claim.  Although deficient, his amended petition shows substantial improvement.  Additionally, through his numerous filings with the court, Smith has demonstrated his ability to identify claims and make legal arguments.

What Smith has not done yet is frame his claims in a way that makes them reviewable by this court in the habeas context.  I am convinced that Smith is capable of submitting an understandable habeas petition.  He simply needs to identify: (1) which conviction, by case number, he is challenging; and (2) the *specific* grounds on which he is challenging the conviction, being sure to explain clearly why he believes any violations of his rights rendered his conviction or sentence illegal.  Accordingly, I will once again deny Smith's motion for assistance in recruiting counsel without prejudice.

One final matter requires the court's attention.  After I directed Smith to file an amended petition that clarified his claims, he filed a notice of appeal with the Court of Appeals for the Seventh Circuit.  He appears to be appealing the May 12, 2016 order directing him to file an amended petition, as well as a June 17, 2016 order denying several miscellaneous motions, including a request for counsel, request to consolidate this case with his § 1983 case and a request for a three-judge panel.  (Dkt. 19.)  Neither order is a "final decision" appealable under 28 U.S.C. § 1291; nor are they appealable as of right under 28 U.S.C. § 1292(a).  Therefore, I

construe Smith's notice as a request for certification or leave to pursue an interlocutory appeal under 28 U.S.C. § 1292(b), which provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

This court's May 12 and June 17 orders do not involve any "apparent controlling question of law as to which there is substantial ground for difference of opinion," nor has Smith argued or shown otherwise. Likewise, there appears to be no reasonable basis to suggest that an immediate appeal might "materially advance the ultimate outcome of th[is] litigation." If anything, the opposite is true. Therefore, the court will deny Smith's request for leave to take an interlocutory appeal pursuant to § 1292(b).

Even so, Smith's notice of interlocutory appeal has triggered certain obligations on his part. Whether or not his appeal is dismissed, the Seventh Circuit directs that an appellate docketing fee ($505) is due immediately upon the filing of a notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997). Smith has filed a motion for leave to proceed without prepayment of the appellate docketing fee along with a recent inmate account statement. To grant this motion, this court must find not only that Smith is indigent and, therefore, eligible to proceed *in forma pauperis,* but also must find that the appeal is taken in good faith for purposes of Fed. R. App. P. 24(a)(3). *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the court certifies in writing that it is not taken in good faith."). Since Smith has failed to articulate a good faith basis to appeal from this otherwise unappealable, non-final order, the court will certify that his appeal is *not* taken in good faith. Accordingly, I am denying Smith's request for leave to proceed *in forma pauperis* on appeal.

Given that this court has denied certification of the appeal, Smith cannot proceed with his appeal without prepaying the $505 filing fee unless the court of appeals gives him permission to do so.  Pursuant to Fed. R. App. P. 24(a)(4) and (5), Smith has 30 days from the date of this order in which to file a motion in the court of appeals to review this denial of leave to proceed *in forma pauperis* on appeal, should he wish to do so.  Along with his motion and six-month trust fund account statement, Smith must include an affidavit as described in Fed. R. App. P. 24(a)(1), along with a statement of issues he intends to argue on appeal.  Smith must also send along a copy of this order.

Smith must file these documents in addition to the notice of appeal he has filed previously.  If Smith does not file a motion requesting review of this order, despite this court's certification, then the court of appeals may choose not to address the denial of leave to proceed *in forma pauperis*.  Instead, it may request Smith to pay the entire $505 filing fee before it considers appeal.  If he does not pay the fee within the 30 day deadline set forth above, it is possible that the court of appeals will dismiss the appeal.  Because Smith is attempting to appeal from a non-appealable, pre-judgment order, dismissal of his appeal is likely in any event.

ORDER

IT IS ORDERED that:

1.  Petitioner James Smith has until August 2, 2016 to file a second amended petition, using the form provided, that addresses the problems identified in this order.

2.  Petitioner's motion for assistance in recruiting counsel (dkt. 20) is DENIED without prejudice.

3.  Petitioner's request for leave to take an interlocutory appeal is DENIED.

4.  The court CERTIFIES that Smith's appeal is not taken in good faith for purposes of Fed. R. Civ. P. 24(a)(3) and DENIES his motion for leave to proceed *in forma pauperis* on appeal.

5.  Although this court has certified that plaintiff's appeal is not taken in good faith under Fed. R. App. P. 24(a)(3), Smith may challenge this finding pursuant to Fed. R. App. P. 24(a)(5) by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Seventh Circuit, within thirty (30) days of the date of this order.  With that motion, Smith must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), along with (1) a statement of issues he intends to argue on appeal and (2) a copy of this order. Plaintiff should be aware that he must file these documents *in addition* to the notice of appeal he has filed previously.

Entered this 21ˢᵗ day of July, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge