IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. SMITH,

                Petitioner,

     v.

WILLIAM POLLARD,

                Respondent.

ORDER

16-cv-009-slc

---

This court has given James A. Smith three extra chances to identify and clarify the claims that he wishes to make in his petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* this court's April 29, 2016 order (dkt. 12), June 17, 2016 order (dkt. 19) and July 21, 2016 order (dkt. 29). Smith has not provided the information the court needs to let his petition move forward. Despite the court's repeated advisals and requests, Smith has failed to identify clearly which conviction or sentence he wishes to challenge. Smith also has also failed to identify any valid basis on which he could obtain habeas relief. In my previous orders, I warned Smith that his case could be dismissed if he did not file an amended petition making clear which convictions or sentences he was challenging and on what grounds. Smith's most recent deadline for filing an amended petition passed 2½ months ago, on August 2, 2016. *See* dkt. 29. That deadline passed without an amended petition from Smith. Not quite three weeks later, on August 22, 2016, Smith filed a motion to withdraw his consent to magistrate jurisdiction. Dkt. 32. I denied that motion on September 19, 2016, dkt. 34. In the month since, Smith has failed to submit an amended habeas petition clarifying his claims.

Because Smith has failed raise any claim suggesting that he is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254, I am dismissing his petition and closing this case. Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Generally, a certificate is granted if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not close. Smith has not made a substantial showing of a denial of a constitutional right, so no certificate will issue.

ORDER

IT IS ORDERED that petitioner James Smith's habeas corpus petition is DENIED and this matter is DISMISSED. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 25th day of October, 2016.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge